Pro se defendant-appellant, Luther C. Martin, appeals the judgment of the Cuyahoga County Court of Common Pleas denying his petition for post-conviction relief filed pursuant to R.C. 2953.21.
In February 1989, appellant was indicted in Case No. CR-237243 on two counts of aggravated murder with felony murder, aggravated felony and firearm specifications, one count of kidnapping and one count of having a weapon while under a disability. Appellant was indicted in Case No. CR-234937 on one count of aggravated burglary with an aggravated felony specification, one count of theft with a violence specification and one count of possession of criminal tools with a violence specification.
Appellant pled guilty before a three-judge panel in Case No. CR-23497 to one count of aggravated burglary with an aggravated felony specification and in Case No. CR-237243 to one count of aggravated murder with an aggravated felony specification. All other counts were nolled.
Appellant was sentenced to ten years actual incarceration to twenty-five years for the aggravated burglary and life imprisonment with parole consideration at twenty years for the aggravated burglary. The terms were ordered to be served consecutively.
On March 10, 1992, this court granted appellant's motion for leave to file a delayed appeal. This court affirmed appellant's conviction and sentence on October 4, 1993. State v. Martin (Oct. 4, 1993), Cuyahoga App. Nos. 63177 and 63178.
On September 19, 1997, appellant filed a petition for post-conviction relief, alleging that his conviction and sentence was constitutionally defective because his guilty plea was involuntary and he had been denied effective assistance of trial counsel.
On February 11, 1998, the trial court granted the state's motion to dismiss appellant's petition. On August 12, 1999, the trial court issued its Findings of Fact and Conclusions of Law concerning appellant's petition.
Appellant timely appealed, assigning three assignments of error for our review:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF, WITHOUT AFFORDING APPELLANT AN EVIDENTIARY HEARING ON HIS CLAIM THAT HE RECEIVED CONSTITUTIONALLY INADEQUATE NOTICE OF THE OFFENSE TO WHICH HE PLEAD GUILTY TO THUS MAKING HIS PLEA INVOLUNTARY AND UNKNOWINGLY MADE.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S PETITION FOR POST CONVICTION RELIEF AND FAILED TO CONDUCT AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS PLEA WAS INVOLUNTARY HAVING BEEN OBTAINED IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF, WHEN APPELLANT RAISED A CLAIM OF CONSTITUTIONAL MAGNITUDE IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
R.C. 2953.21(A)(2) now generally requires that a petition for post-conviction relief be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * *. This time limit was imposed by Senate Bill 4, which became effective September 21, 1995.
Section 3 of Senate Bill 4, however, contained a savings provision, which states:
 A person who seeks post-conviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Appellant was convicted and sentenced on February 13, 1990, prior to the effective date of Senate Bill 4. Therefore, appellant was required to file his petition for post-conviction relief no later than September 21, 1996, one year after the effective date of Senate Bill 4. The record reflects that appellant did not file his petition until September 17, 1997, long after the expiration of the statutory deadline. Therefore, appellant's petition was untimely.
A trial court may entertain an untimely petition, however, under limited circumstances. Pursuant to R.C. 2953.23, the trial court may entertain a post-conviction petition filed after the expiration of the deadlines set forth in R.C. 2953.21(A) if:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted, or if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Unless both of the above-noted exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for post-conviction relief. State v. Corbin (Dec. 30, 1999), Cuyahoga App. No. 75627, unreported; State v. Halliwell (July 29, 2999), Cuyahoga App. No. 75986, unreported; State v. Furcron (Feb. 17, 1999), Lorain App. No. 93CA007089, unreported; State v. Freeman
(Dec. 10, 1998), Cuyahoga App. No. 73784-87, unreported.
We find that appellant failed to timely file his petition pursuant to R.C. 2953.21(A) or the savings provision contained in Section 3 of Senate Bill 4 and, further, failed to demonstrate pursuant to R.C. 2953.23 that the trial court should consider his untimely filed petition. Subsequent to the time limits imposed by R.C. 2953.21(A)(2), the United States Supreme Court has not announced a new federal or state right that applies retroactively to appellant. See R.C. 2953.23(1)(b). Accordingly, to meet the requirement of R.C. 2953.23(1), appellant was required to demonstrate that he was unavoidably prevented from discover[ing] the facts upon which his petition relied. See R.C. 2953.23(1)(a).
In his first claim for relief, appellant alleged that his guilty plea to the aggravated murder charge was not knowingly and intelligently made because none of the judges on the three-judge panel that convicted and sentenced him explained the elements of aggravated murder to him. Appellant presented no evidence, however, to establish that he was unavoidably prevented from discover[ing]this fact within the time limits prescribed by R.C.2953.21(A) or Senate Bill 4.
In his second claim for relief, appellant alleged that his guilty plea was involuntary because it was induced by his trial counsel's alleged misrepresentation regarding the elements of aggravated murder. Specifically, appellant alleged that his trial counsel told him that he could be guilty of aggravated murder even if he did not intend the victim's death. Appellant presented no evidence, however, that he was unavoidably prevented from discover[ing] this alleged misrepresentation within the time constraints imposed by Senate Bill 4 and R.C. 2953.21(A). Moreover, appellant failed to present clear and convincing evidence that a reasonable factfinder would not have found him guilty of aggravated murder but for the alleged misrepresentation.
Finally, in his third claim for relief, appellant alleged that he was denied effective assistance of counsel because his trial counsel allegedly failed to give him correct advice regarding the element of intent for the aggravated murder charge. Appellant alleged that his counsel's failure to properly advise him violated an essential duty and deprived him of his ability to make a knowing and intelligent decision concerning his guilty plea. As in his other claims, however, appellant failed to demonstrate that he was unavoidably prevented from discover[ing] this fact during the time limits imposed by R.C. 2953.21(A) or Senate Bill 4.
Because appellant failed to satisfy the requirements of R.C.2953.21(A) or the savings provision of Senate Bill 4 and, further, failed to demonstrate pursuant to R.C. 2953.23 that the trial court should consider his untimely filed petition, the trial court lacked jurisdiction to consider appellant's untimely petition. Accordingly, the trial court correctly dismissed the petition.
Assignments of error one, two and three are overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE